DECISION AND JUDGMENT ENTRY
{¶ 1} Jonathan Boggs appeals the trial court's denial of his identical motions to suppress evidence in two cases. He contends that the court should have granted the motions because the officer unlawfully stopped his vehicle. Because the officer had probable cause to stop Boggs for an inoperative license plate light and reasonable suspicion to stop him for driving with a suspended license, we affirm the trial court's judgment.
 {¶ 2} While on patrol one evening in April 2004, Patrolman Phil Hopper of the Waverly Police Department was dispatched to investigate a call from the Family Dollar General Store about a man who purchased a large amount of starting fluid. A store clerk informed Patrolman Hopper that the man left in a black Ford-like pickup truck headed eastbound on Emmitt Street. Patrolman Hopper located the truck and stopped it based upon the facts that follow.
 {¶ 3} At the hearing on the motions to suppress, Patrolman Hopper testified that he noticed that the license plate light on the truck was out and "ran the tag." The dispatcher advised him that the person to whom that license plate was registered had a suspended license. Patrolman Hopper stopped the vehicle and, as he approached it, noticed a large amount of starter fluid in the bed of the truck.
 {¶ 4} Patrolman Hopper asked the driver, Boggs, for his license and registration. Boggs handed Patrolman Hopper his license as well as a business card for Lieutenant Randy Sanders of the Ross County Sheriff's Office. Boggs told Patrolman Hopper that his license was suspended and asked him to contact Lt. Sanders.
 {¶ 5} Patrolman Hopper checked Boggs' social security number and confirmed his license was suspended. Patrolman Hopper placed Boggs under arrest for driving under suspension and read him hisMiranda rights. Patrolman Hopper asked Boggs if he would find anything in the truck and Boggs stated that he had a .357 revolver in the vehicle. Patrolman Hopper also checked the vehicle identification number on the truck and learned it was stolen. The police searched Boggs' truck after his arrest and discovered the revolver, criminal tools, and chemicals used for making drugs.
 {¶ 6} Boggs testified that all of his lights were working when Patrolman Hopper stopped him. Boggs further testified that Patrolman Hopper never mentioned that any of the lights were broken. Boggs testified that the tags on the truck belonged to his old truck, which was totaled, and the tags were registered to his girlfriend, Kelly Haller. He did not know the vehicle was stolen.
 {¶ 7} After being taken to the police station, Boggs informed the officers that a methamphetamine lab was located in a trailer on his property and consented to a search of his property. During that search, police discovered numerous items used to make drugs, as well as drug paraphernalia. The police executed a second search of the premises under a search warrant in June 2004 and discovered additional evidence.
 {¶ 8} A grand jury indicted Boggs on one count of illegal manufacture of drugs in violation of R.C. 2925.04 (second degree felony) and one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C.2925.041 (third degree felony) in case number 04CR182. A grand jury also indicated Boggs on one count of aggravated possession of drugs in violation of R.C. 2925.11 (second degree felony), one count of illegal manufacture of drugs in violation of R.C.2925.04 (second degree felony), one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041 (third degree felony), and two counts of receiving stolen property in violation of R.C. 2913.51 (fourth and fifth degree felonies) in case number 04CR202.
 {¶ 9} Boggs moved to suppress the evidence in both cases on the ground that it was discovered as the result of an unlawful stop of his vehicle by Patrolman Hopper. He also moved to consolidate both cases under Crim.R. 8(A). The court granted the motion to consolidate and ordered that both cases be consolidated for purposes of trial and that the motions to suppress filed in both cases be heard at the same time.
 {¶ 10} After hearing the evidence on the motions to suppress, the court denied both motions. The court credited Patrolman Hopper's testimony that the license plate light on Boggs' truck was out and found that formed a sufficient basis for the stop. The court also found that Patrolman Hopper had a reasonable basis to stop the vehicle based on the fact that the truck was registered to an individual whose license was suspended. Once Patrolman Hopper confirmed that Boggs was driving without a license, there was probable cause to arrest Boggs.
 {¶ 11} Boggs pled no contest to the charges and the court sentenced him to a total of five years incarceration and a driver's license suspension of five years. Boggs appeals the court's denial of his motions to suppress, assigning the following error in both appeals:
I. The Trial Court erred in overruling Defendant's motion to suppress.
 {¶ 12} Appellate review of a trial court's decision regarding a motion to suppress involves mixed questions of law and fact. See State v. Featherstone, 150 Ohio App.3d 24, 2002-Ohio-6028,778 N.E.2d 1124, at ¶ 10, citing State v. Vest, Ross App. No. 00CA2576, 2001-Ohio-2394; State v. Long (1998),127 Ohio App.3d 328, 332, 713 N.E.2d 1. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See State v. Dunlap, 73 Ohio St.3d 308, 314,1995-Ohio-243, 652 N.E.2d 988; State v. Fanning (1982),1 Ohio St.3d 19, 20, 437 N.E.2d 583. Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See Dunlap;Long; State v. Medcalf (1996), 111 Ohio App.3d 142,675 N.E.2d 1268. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. See Featherstone; State v. Fields (Nov. 29, 1999), Hocking App. No. 99CA11.
 {¶ 13} Boggs challenges only the initial stop of his vehicle. He argues that all evidence discovered by the police following the stop, including the evidence found during the execution of the search warrant, is "fruit of the poisonous tree" and should be suppressed if the stop was unlawful. Boggs contends that Patrolman Hopper could not lawfully stop him based solely on his purchase of starting fluid and that Patrolman Hopper's testimony that Boggs' license plate light was out lacks credibility.
 {¶ 14} A traffic stop is reasonable when an officer possesses probable cause to believe that an individual has committed a traffic offense. See Whren v. United States (1996),517 U.S. 806, 809, 116 S.Ct. 1769, 135 L.Ed.2d 89 (stating that the Fourth Amendment's reasonable requirement is fulfilled and a law enforcement officer may constitutionally stop the driver of a vehicle when the officer possesses probable cause to believe that the driver of the vehicle has committed a traffic violation); see, also, Dayton v. Erickson, 76 Ohio St.3d 3, 11-12,1996-Ohio-431, 665 N.E.2d 1091. Probable cause has been defined as "facts and circumstances within [an officer's] knowledge * * * sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Beck v.Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142.
 {¶ 15} In the absence of probable cause, a law enforcement officer may not stop a vehicle unless the officer observes facts giving rise to a reasonable suspicion of criminal activity. See, generally, Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889; State v. Andrews (1991), 57 Ohio St.3d 86,565 N.E.2d 1271. To justify a traffic stop based upon reasonable suspicion, the officer must be able to articulate specific facts that would warrant a person of reasonable caution in the belief that the person stopped has committed or is committing a crime. See City of Dayton v. Erickson, 76 Ohio St.3d 3, 11-12,1996-Ohio-431, 665 N.E.2d 1091; Terry. Reasonable suspicion cannot be justified by mere intuition, but instead must be based upon specific, articulable facts and such rational inferences as may be drawn from those facts. Terry, 392 U.S. at 21-22.
 {¶ 16} R.C. 4513.05 requires that all vehicles have a tail light or separate light that illuminates the rear registration plate and renders it legible from a distance of fifty feet to the rear. Patrolman Hopper testified that Boggs' vehicle was not in compliance with this requirement and the trial court credited this testimony. Although Boggs claims that Patrolman Hopper's testimony was incorrect, in a hearing on a motion to suppress, a trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Hopfer (1996),112 Ohio App.3d 521, 679 N.E.2d 321. Therefore, we defer to the trial court's factual finding and conclude that Patrolman Hopper had probable cause to stop Boggs based on the violation of R.C.4513.05.
 {¶ 17} Patrolman Hopper also had reasonable suspicion to stop Boggs for driving with a suspended license. In State v. Yeager
(Sept. 24, 1999), Ross App. No. 99CA2492, we held that an officer's investigative stop of an automobile is justified solely on the basis of information that the vehicle's owner does not possess a valid driver's license absent evidence that the owner is not the driver of the vehicle. Although Patrolman Hopper testified that he could not recall who the license plate was registered to, there is no evidence that Patrolman Hopper had reason to believe that the owner of the vehicle was not driving it. Therefore, he had reasonable suspicion to stop the vehicle and determine whether the driver was driving with a suspended license. Once Hopper determined that Boggs did not possess a valid driver's license, he had probable cause to make an arrest.
 {¶ 18} Because Patrolman Hopper lawfully stopped Boggs' vehicle, we overrule his assigned errors and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Kline, J. Concur in Judgment and Opinion